UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



**CIVIL MINUTES - GENERAL**

Case No. SA CV 06-701 DOC (RNBx)                    Date: January 4, 2007

Title: FEDERAL TRADE COMMISSION v. DENNIS CONNELLY, et al.

---

DOCKET ENTRY
 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                    Date:_____  Deputy Clerk:_____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER CLARIFYING THE COURT'S DECEMBER 20, 2006 ORDER DENYING THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

   Before the Court is Plaintiff Federal Trade Commission's request for Clarification regarding the Court's December 20, 2006 Order on the Parties' Motions for Summary Judgment.

   First, Plaintiff seeks clarification as to the issues and facts that remain to be litigated at trial because the parties disagree as to the effect of the Court's summary judgment order. Plaintiff interprets the December 20 Order as narrowing the issues for trial by specifying the material facts that exist without substantial controversy under Federal Rule of Civil Procedure 56(d). To the contrary, the facts discussed in the December 20 Order were deemed established for purposes of summary judgment only. The December 20 Order was not an order under Rule 56(d).

   Second, Plaintiff also seeks clarification as to whether evidence relied on in the December 20 Order can be deemed admitted into evidence. The evidence discussed in the December

---

MINUTES FORM 11 DOC                                     Initials of Deputy Clerk/____
CIVIL - GEN                                             Page 1 of 2



20 Order was used for purposes of summary judgment only. Thus, such evidence is not deemed admitted into evidence at trial.

The Clerk shall serve this minute order on all parties to the action.