

LODGED

2007 FEB 20 PM 2: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 23 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| **Federal Trade Commission,**<br><br>      Plaintiff,<br><br>   v.<br><br>**Dennis Connelly,** et al.,<br><br>      Defendants. | Case No. SACV 06-701 DOC (RNB)<br><br>**SETTLEMENT AGREEMENT AND [Proposed] STIPULATED FINAL ORDER AS TO DEFENDANT JOANNE GARNEAU a/k/a JOANNE TORKELSON AND DEFENDANT ROBINA CAPITAL, INC. D.B.A PROSPER FINANCIAL SOLUTIONS INC.** |

DOCKETED ON CM

FEB 23 2007

BY _____ 178

270

# BACKGROUND

On August 3, 2006, Plaintiff Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed a complaint against Defendant **JOANNE GARNEAU a/k/a JOANNE TORKELSON** and other defendants, for permanent injunctive and other equitable relief, including consumer redress, applied ex parte for a temporary restraining order with asset freeze and for an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65 of the Federal Rules of Civil Procedure, and why a permanent receiver should not be appointed. On August 9, 2006, the Court issued the ex parte restraining order, appointed Robb Evans and Robb Evans & Associates LLC ("Robb Evans") as temporary receiver over the corporate defendants, including over **PROSPER FINANCIAL ("PROSPER")**, and issued an order to show cause why a preliminary injunction ought not be granted.

In an effort to minimize unnecessary litigation, Plaintiff Commission and Defendant **GARNEAU** entered into a Stipulated Preliminary Injunction. By Stipulation of the parties, the Receivership over **ROBINA CAPITAL, INC. d/b/a PROSPER FINANCIAL SOLUTIONS ("ROBINA")** was made permanent and Robb Evans was appointed as the Monitor over Third Party **NATIONWIDE SUPPORT SERVICES ("NATIONWIDE")**. Subsequently, Plaintiff Commission amended its complaint and in pertinent part, **ROBINA** was added as a Defendant.

Now Plaintiff Commission, negotiating through its counsel, and Defendant **GARNEAU** and Defendant **ROBINA** (collectively "Defendants"), negotiating through her counsel, have agreed to a settlement of this action.

Accordingly, the Commission and Defendants consent to entry of this Settlement Agreement and [Proposed] Stipulated Final Order as to Defendant Joanne Garneau a/k/a Joanne Torkelson and Defendant Robina Capital Inc.

1 ("Order") without adjudication of any issue of fact or law. The parties further

2 agree that entry of this Order in the docket by the Court will constitute notice to

3 each Defendant of the terms and conditions of the Order. Plaintiff and Defendants

4 having requested the Court to enter this Order, the Court hereby finds and orders

5 as follows:

6

7 ## FINDINGS OF FACT

8    1.    Defendants were properly served with the Complaint, Summons,

9 TRO and First Amended Complaint in this matter.

10    2.    Defendants consented to the entry of the Preliminary Injunction

11 against them and were properly served with the Preliminary Injunction in this

12 matter.

13    3.    This Court has jurisdiction over the subject matter of the case and

14 personal jurisdiction over Defendants. Venue in the Central District of California

15 is proper.

16    4.    The alleged actions of Defendants are in or affecting commerce, as

17 defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

18    5.    The allegations of the Complaint state a claim upon which relief can

19 be granted against Defendants under Sections 5(a) and 13(b) of the FTC Act, 15

20 U.S.C. §§ 45(a) and 53(b).

21    6.    Plaintiff has the authority under Section 13(b) of the FTC Act, 15

22 U.S.C. § 53(b), to seek the relief it has requested.

23    7.    Defendants have not admitted liability as to the charges in the

24 Complaint, and their consent to settle and finally resolve this action shall not be

25 interpreted to constitute an admission that they have engaged in any violations of

26 any law or regulations.

27    8.    Defendants waive all rights to seek judicial review or otherwise

28 challenge or contest the validity of this Order.

9.    Defendants waive any claim that they may hold against the Commission, its employees, representatives or agents.

10.    Defendants waive any claim that they may hold under the Equal Access to Justice Act, 28 U.S.C. § 2412 (as amended), concerning the prosecution of this action to the date of this Order, and any rights to attorneys' fees that may arise under said provision of law.

11.    All parties shall bear their own costs and attorneys' fees.

12.    Defendants enter into this Order freely, and acknowledge that they understand the provisions of this Order and are prepared to abide by its terms.

13.    This Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment, or forfeiture.

14.    Entry of this Order is in the public interest and in the interest of the parties.

# ORDER

For purposes of this order, the following **Definitions** apply:

1.    "**Assets**" means any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, and all cash, wherever located.

2.    "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, electronic email ("email"), computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate "document" within the meaning of the term.

1    3.    "**Defendant**" means JOANNE GARNEAU a/k/a JOANNE

2    TORKELSON and ROBINA CAPITAL, INC. d/b/a PROSPER FINANCIAL

3    SOLUTIONS.

4    4.    "**Individual Defendants**" refers to DENNIS CONNELLY,

5    RICHARD WADE TORKELSON, a/k/a WADE TORKELSON, and

6    JOANNE GARNEAU a/k/a JOANNE TORKELSON.

7    5.    "**Corporate Defendants**" means Defendants HOMELAND

8    FINANCIAL SERVICES, NATIONAL SUPPORT SERVICES, LLC,

9    UNITED DEBT RECOVERY, LLC, PROSPER FINANCIAL SOLUTIONS,

10    ROBINA CAPITAL, INC. d/b/a PROSPER FINANCIAL SOLUTIONS,

11    FINANCIAL LIBERTY LLC and each of them.

12    6.    "**Receivership Entities**" means Defendants HOMELAND

13    FINANCIAL SERVICES, NATIONAL SUPPORT SERVICES, LLC,

14    UNITED DEBT RECOVERY, LLC., FINANCIAL LIBERTY LLC,

15    ROBINA CAPITAL, INC. d/b/a PROSPER FINANCIAL SOLUTIONS, and

16    each of them.

17    7.    "**Monitored Entity**" means NATIONWIDE SUPPORT

18    SERVICES.

19    8.    "**Debt Negotiation**" means

20    a.    the business or practice of receiving, in return for

21    consideration, or the scheduled receipt, of a debtor's monies, or evidences

22    thereof, for the purpose of distribution among certain specified creditors in

23    payment, or partial payment, of the debtor's obligations; or

24    b.    the business or practice of acting or offering or attempting to

25    act as an intermediary between a debtor and his creditors for the purpose of

26    settling, negotiating, or in any way altering the terms of payment of any debt

27    of a debtor.

28    9.    The terms "**and**" and "**or**" have both conjunctive and disjunctive

1 | meanings.

2 |      10.    "**Assisting others**" means knowingly providing any of the following

3 | goods or services to another person or entity:

4 |        a.    performing customer service functions, including, but not

5 | limited to, receiving or responding to consumer complaints; or

6 |        b.    formulating or providing, or arranging for the formulation or

7 | provision of, any telephone sales script or any other marketing material; or

8 |        c.    providing names of, or assisting in the generation of, potential

9 | customers; or

10 |        d.    performing marketing services of any kind.

11 |

12 | # ORDER

13 | ## I.

14 | ## PROHIBITED BUSINESS ACTIVITIES

15 | **IT IS THEREFORE ORDERED** that Defendants, their successors,

16 | assigns, officers, agents, servants, employees, and attorneys, and those persons or

17 | entities in active concert or participation with any of them who receive actual

18 | notice of this Order by personal service or otherwise, whether acting directly or

19 | through any corporation, subsidiary, division, or other device, in connection with

20 | the advertising, marketing, promoting, offering for sale, or sale of any good or

21 | service, are hereby permanently restrained and enjoined from falsely representing,

22 | or from knowingly assisting others who are falsely representing, any of the

23 | following:

24 |     A.    That by enrolling in any debt-negotiation program, it is likely that

25 | consumers will be able to pay off their credit-card or other unsecured debts

26 | for a substantially reduced amount, such as 40 to 60 percent of the total

27 | amount owed to their creditors; or

28 |     B.    That consumers' creditors are likely to negotiate settlements under

1   which the creditors will agree to accept substantially less than the amount

2   the consumer owes on an account to settle the account; or

3   C.      That any Defendants or any other person operating a debt-negotiation

4   program are able to negotiate more favorable settlements with consumers'

5   creditors than the consumer can negotiate himself; or

6   D.      That any Defendants or any other person operating a debt-negotiation

7   program has an established relationship with any creditor that gives the

8   person an advantage in negotiating favorable settlements with the creditor;

9   or

10  E.      That any negative information that appears on a consumer's credit

11  report as a result of participating in any debt-negotiation program will be

12  removed upon completion of the program or shortly thereafter; or

13  F.      That any negative effect from participating in any debt-negotiation

14  program on a consumer's credit rating, credit score or credit report is likely

15  to be either minimal or short-term; or

16  G.      That creditors are unlikely to sue consumers who participate in any

17  debt-negotiation program or who otherwise fail to make their minimum

18  monthly payments to their creditors; or

19  H.      That participating in any debt-negotiation program is likely to end

20  most or all harassment or contact from creditors; or

21  I.      That consumer's creditors will stop harassing consumers or will not

22  harass consumers who participate in any debt-negotiation program; or

23  J.      That consumers' creditors will not contact the consumer after a

24  consumer sends the creditor a notice to cease contacting the consumer; or

25  K.      That consumers who participate in any debt-negotiation program do

26  not need to worry about balances on their credit accounts increasing while

27  they are in the program; or

28  L.      That Defendants or any other person will begin negotiating with all of

1    a consumer's creditors immediately upon the consumer's enrollment in any

2    debt-negotiation program; or

3    M.    Any other fact material to a consumer's decision to participate in any

4    debt-negotiation, debt reduction or debt management program; or

5    N.    Any other fact material to a consumer's decision to purchase any

6    good or service.

## II.

## PROHIBITION AGAINST MATERIAL OMISSIONS

9    **IT IS FURTHER ORDERED** that Defendants, their successors, assigns,

10   officers, agents, servants, employees, and attorneys, and those persons or entities

11   in active concert or participation with any of them who receive actual notice of

12   this Order by personal service or otherwise, whether acting directly or through any

13   corporation, subsidiary, division, or other device, in connection with the

14   advertising, promotion, offering for sale or sale of debt negotiation services or

15   credit-related products, programs or services, are hereby permanently restrained

16   and enjoined from failing to disclose, clearly and conspicuously, prior to the time

17   when a consumer purchases a service from Defendants, all information material to

18   a consumer's decision to buy any debt negotiation services or credit-related

19   products, programs, or services, including but not limited to the following

20   information, where appropriate:

21   A.    The possibility that, if consumers stop paying their creditors, one or

22   more of their creditors may sue the consumer;

23   B.    The fact that federal law prohibits creditors from misrepresenting a

24   consumer's payment history to credit reporting agencies, and that creditors

25   are permitted to report accurate negative information such as delinquencies

26   and charge-offs for seven years.

27   //

28   //

# III.

## MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.    Within ten (10) business days of entry of this Order, Defendants shall pay to the Commission the sum of **six hundred thirty thousand dollars ($630,000)** by certified or cashier's check made payable to the Federal Trade Commission or through wire transfer to an account designated by the Commission or its agent.  Payment by certified or cashier's check shall be remitted to the Federal Trade Commission, Western Region, 10877 Wilshire Boulevard, Suite 700, Los Angeles, California 90024;

B.    If Defendants fail to make the payments under Paragraph III A of this Order within the prescribed time period, the Commission may apply to the Court for entry of a judgment against Defendants in the amount of **four million dollars ($4,000,000)** which amount shall be immediately due and payable, less any amounts already paid.  For purposes of this Paragraph, Defendants waive any right to contest any of the allegations set forth in the Complaint filed in this matter or the amount of the requested judgment and agrees that the Court shall enter the monetary judgment in the amount of **four million dollars ($4,000.000)** upon a showing by the Commission that Defendants failed to make the payment as set forth under Paragraph III A; *Provided*, that Defendants may cure a late payment by delivering such payment to the Commission within three (3) days of the original payment date;

C.    Defendants remain obligated to pay for the actual costs incurred by all consumer witnesses who have appeared for depositions in this litigation, *FTC v. Dennis Connelly et al, SACV06-701 DOC*, at the request of the defendants and shall reimburse all such consumers within ten (10) days of receipt of any written notification of the amount owed;

D.    Within thirty (30) days of entry of this Order, Defendants shall send a

1    letter by first class mail, at their expense, to all consumers who enrolled in

2    the debt negotiation program through **PROSPER** through December 31,

3    2005 and who are currently still in the debt negotiation program being

4    serviced by the **MONITORED ENTITY**, advising each of them of their

5    right to quit the debt negotiation program.  The letter may be sent on

6    **PROSPER** letterhead.  The text and format of the letter and envelope must

7    be approved by the Commission, or its designated representatives, before it

8    is sent.  Each party shall have the right to bring any irreconcilable

9    differences about the mailing to this Court;

10    E.    The bank accounts of the Defendants including Defendant

11    **GARNEAU**'s personal accounts, including but not limited to those

12    corporate bank accounts held in the name of DePalma Regency, Inc.,

13    Palermo Capital Funding Corp., JAG Enterprises and Marbrisa Equities,

14    LLC, and any other assets which were frozen pursuant to the orders entered

15    in this case, shall be unfrozen upon the entry of this Order;

16    F.    All funds paid pursuant to this Paragraph shall be deposited into a

17    fund administered by the Commission or its agent to be used for equitable

18    relief, including but not limited to restitution and any attendant expenses for

19    the administration of any restitution fund.  In the event that direct restitution

20    to consumers is wholly or partially impracticable or funds remain after

21    restitution is completed, the Commission may apply any remaining funds for

22    such other equitable relief (including consumer information remedies) as it

23    determines to be reasonably related to the practices alleged in the

24    Complaint.  Any funds not used for such equitable relief shall be deposited

25    to the Department of the Treasury as disgorgement and not as a fine or

26    penalty.  The Commission shall have full and sole discretion to:

27    1.    Determine the criteria for participation by individual claimants

28    in any consumer restitution program implemented pursuant to this

1    Order;

2        2.     Determine the manner and timing of any notices to be given to

3    consumers regarding the existence and terms of such programs, and

4        3.     Delegate any and all tasks connected with such restitution

5    program to any individual, partnerships, or corporations; and pay

6    reasonable fees, salaries, and expenses incurred thereby from the

7    payments made pursuant to this Order;

8    G.    Defendants expressly waive any rights they may possess to litigate

9    the issue of monetary relief.  Defendants acknowledge and agree that all

10   money paid pursuant to this Order is irrevocably paid to the Commission for

11   purposes of settlement between Plaintiff and Defendants; and

12   H.    Defendants shall have no right to challenge the Commission's choice

13   of remedies under this Paragraph.

14   <center>**IV.**</center>

15   <center>**RELIANCE ON REPRESENTATIONS**</center>

16   **IT IS FURTHER ORDERED** that;

17   A.    The Commission's agreement to, and the Court's approval of, this

18   Order is expressly premised upon the truthfulness, accuracy, and

19   completeness of Defendants' financial condition, as represented in the

20   financial statements dated August 11, 2006 *et seq.*, including attachments,

21   and in any other documents submitted by Defendants, including all

22   supplements to those financial statements, all of which the Commission

23   relied upon in negotiating and agreeing to the terms of this Order.  If, upon

24   motion by the Commission to the Court, the Court finds that Defendants, in

25   any of the above-referenced materials, failed to disclose any asset with a

26   value in excess of $1,000, materially misrepresented the value of any asset,

27   or made any other material misrepresentation or omission, monetary

28   judgment will be entered against Defendants in the amount of **$4,000,000**

1  (four million dollars), which represents the approximate amount of

2  payments made to Defendants and corporate entities under Defendant

3  **GARNEAU**'s possession, custody and control out of funds paid by

4  consumers, and will become immediately due and payable, less any

5  payments already made.

6  B.    Notwithstanding any other provision of this Order, Defendants agree

7  that in any subsequent proceedings to enforce payment, including but not

8  limited to a non-dischargeability complaint filed in a bankruptcy

9  proceeding, Defendants waive any right to contest any of the allegations set

10  forth in the Complaint filed in this matter or the **$4,000,000** (four million

11  dollars) judgment referenced above.

12  **V.**

13  **CUSTOMER LISTS**

14  **IT IS FURTHER ORDERED** that  Defendants, their officers, agents,

15  servants, employees, and attorneys, and all other persons or entities in active

16  concert or participation with them who receive actual notice of this Order by

17  personal service or otherwise, are permanently restrained and enjoined from

18  selling, renting, leasing, transferring, or otherwise disclosing the name, address,

19  telephone number, credit card number, bank account number, e-mail address, or

20  other identifying information of any person who paid any money to any of the

21  Defendants in this litigation, *FTC v. Dennis Connelly, et al. SACV06-701 DOC*,

22  or paid money to any of the Corporate Defendants, or the Receivership Entities, at

23  any time prior to entry of this order, in connection with telemarketing or with the

24  advertising, promotion, offering for sale or sale of debt negotiation services.

25  *Provided, however,* that such identifying information may be disclosed to a

26  law enforcement agency or as required by any law, regulation, or court order, and

27  *Provided further* that nothing herein shall prevent the transfer of such

28  information to a parent, subsidiary, agent or affiliate of Defendants including

1 | **NATIONWIDE SUPPORT SERVICES** or as part of the sale of Defendants'

2 | business or all or substantially all of Defendants' assets, except that Defendants

3 | may not directly or indirectly transfer any such information to either of the other

4 | individual Defendants in this litigation or to any parent, subsidiary agent or

5 | affiliate of any of those individual Defendants.

6 | **VI.**

7 | **COMPLIANCE MONITORING**

8 | **IT IS FURTHER ORDERED** that, for the purpose of monitoring and

9 | investigating compliance with any provision of this Order:

10 | A.      Within fourteen (14) days of receipt of written notice from a

11 | representative of the Commission,  Defendants shall submit additional

12 | written reports, sworn to under penalty of perjury; produce documents for

13 | inspection and copying; appear for deposition; and/or provide entry to any

14 | Commission representatives during normal business hours to any business

15 | location in Defendants' possession or direct or indirect control for the

16 | purpose of inspecting the business operation.  Defendants, after attempting

17 | to resolve a dispute without court action, and for good cause shown, may

18 | file a motion with this Court seeking an order which justice requires to

19 | protect Defendants or any party or person from annoyance, embarrassment,

20 | oppression, or undue burden or expense, including one or more of the

21 | protections set forth in Fed. R. Civ. P. 26 (c);

22 | B.      In addition, the Commission is authorized to monitor compliance with

23 | this Order by all other lawful means, including but not limited to the

24 | following:

25 | 1.      Obtaining discovery from any person, without further leave of court,

26 | using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36,

27 | and 45;

28 | 2.      Posing as consumers and suppliers to Defendants' employees, or any

1   other entity managed or controlled in whole or in part by

2   Defendants', without the necessity of identification or prior notice;

3   and

4   C.   Defendants shall permit representatives of the Commission to

5   interview any employer, consultant, independent contractor, representative,

6   agent, or employee who has agreed to such an interview, relating in any way

7   to any conduct subject to this Order. The person interviewed may have

8   counsel present.

9   *Provided, however,* that nothing in this Order shall limit the Commission's

10  lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act,

11  15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things,

12  testimony, or information relevant to unfair or deceptive acts or practices in or

13  affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

14  **VII.**

15  **COMPLIANCE REPORTING BY DEFENDANTS**

16  **IT IS FURTHER ORDERED** that, in order that compliance with the

17  provisions of this Order may be monitored:

18  A.   For a period of three (3) years from the date of entry of this Order,

19  Defendant Garneau shall notify the Commission in writing of:

20  1.   Any change in residence, mailing address and/or telephone numbers

21  of Defendant Garneau within ten (10) days of such change; and

22  2.   Any change in employment status (including self employment) of

23  Defendant and any change in the ownership interest of Defendant in

24  any business entity, within ten (10) days of such change. Such notice

25  shall include the name and address of each business that Defendant is

26  affiliated with, employed by, or performs services for, a statement of

27  the nature of the business, and a statement of Defendant's duties and

28  responsibilities in connection with the business and employment; and

3.      Any changes in Defendant's name or use of any aliases or fictitious names.

B.      For a period of four (4) years from the date of entry of this Order, Defendants shall notify the Commission of any changes in corporate structure of Defendants that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendants learn less than thirty (30) days prior to the date such action is to take place, they shall notify the Commission as soon as is practicable after obtaining such knowledge.

C.      One hundred eighty (180) days after the date of entry of this Order, Defendants shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1.      A copy of each acknowledgment of receipt of this Order, obtained pursuant to Paragraph X, below; and

2.      Any other changes required to be reported under Subparagraph A of this Paragraph VII, above.

D.      For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Assistant Regional Director

Western Region, Los Angeles
Federal Trade Commission
10877 Wilshire Blvd, Suite 700
Los Angeles, CA 90024

Re: **FTC v. Dennis Connelly et al,**
SACV-06-0701 DOC (x)

E.     For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the Defendants.

## VIII.

## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or occurrences that are the subject of the Commission's Complaint, cooperate in good faith with the Commission and appear, at such places and times as the Commission shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the Commission.  If requested in writing by the Commission or by the Commission's attorneys, Defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.  The Commission shall provide reasonable notice to Defendants of any need for her appearance and shall keep designated counsel for Defendants apprised of developments in the litigation.  The Commission acknowledges that these Defendants may provide the same level of cooperation to any other Defendant in this action under the same terms and conditions.

/ /

/ /

/ /

## IX.

### RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, Defendants and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, while engaging in conduct related to the subject matter of this Order, are hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, email (if any) and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.      Copies of all sales scripts, training materials, advertisements, website printouts, or other marketing materials; and

F.      All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraph X, below,

1   and all reports submitted to the FTC pursuant to Paragraph VII, above.

2   ## X.

3   ## DISTRIBUTION OF ORDER BY DEFENDANTS

4   **IT IS FURTHER ORDERED** that, for a period of three (3) years from the

5   date of entry of this Order, Defendants shall deliver copies of this Order as

6   directed below:

7       A.    Defendants must deliver a copy of this Order to all of their principals,

8       officers, directors, and managers.  Defendants must also deliver copies of

9       this Order to all of their employees, agents, and representatives who engage

10      in sales or marketing of debt negotiation services.  For current personnel,

11      delivery shall be within five (5) days of service of this Order upon

12      Defendants.  For new personnel, delivery shall occur prior to them assuming

13      their responsibilities.

14      B.    Defendants must secure a signed and dated statement acknowledging

15      receipt of the Order, within thirty days of delivery, from all persons

16      receiving a copy of the Order pursuant to this Paragraph X.

17  ## XI.

18  ## WIND UP OF NATIONWIDE MONITOR PROCEEDINGS,

19  ## WIND UP OF ROBINA RECEIVERSHIP PAYMENT OF FEES AND

20  ## EXPENSES AND DISCHARGE OF MONITOR/RECEIVER

21  **IT IS FURTHER ORDERED** that,

22      A.    The entry of the Court's order approving this Stipulation shall wind

23      up the proceedings of Robb Evans as the Monitor of **NATIONWIDE** and

24      shall constitute an order for the following relief:

25      1.    approving and confirming the Monitor's actions and activities during

26      the course of the Monitor proceedings of **NATIONWIDE**;

27      2.    authorizing and approving the wind up of the Monitor proceedings

28      without the Monitor making, filing or obtaining approval of any

1     further Monitor reports and/or accountings;

2    3.     authorizing,  approving and requiring immediate payment by

3     **NATIONWIDE** of all outstanding fees and expenses of the Monitor,

4     its staff and its professionals for the period of October 1, 2006

5     through and including the effective date of the Monitor's discharge,

6     including without limitation those fees and expenses for which the

7     Monitor has sought approval for the months of October 2006 and

8     November 2006 that are subject to the Monitor's pending motion for

9     approval set for hearing on February 12, 2007; and

10    4.     discharging the Monitor, its members, officers, agents, employees and

11     representatives, relieving the Monitor, its members, officers, agents,

12     employees and representatives of all duties, liabilities and

13     responsibilities pertaining to the Monitor's duties under the

14     Preliminary Injunction/Monitor Order, provided that the discharge of

15     the Monitor shall not be effective unless and until all fees and

16     expenses of the Monitor, its staff and its professionals have been paid

17     in full by **NATIONWIDE** as required herein.

18    B.     The entry of the Court's order approving this Stipulation shall wind

19    up the proceedings of Robb Evans as the Permanent Receiver of **ROBINA**,

20    its affiliates, subsidiaries, successors and assigns and any other corporations

21    or businesses under their control  and shall constitute an order for the

22    following relief:

23    1.     approving and confirming the Receiver's actions and activities during

24     the course of the receivership proceedings of **ROBINA**;

25    2.     authorizing and approving the wind up of the receivership

26     proceedings of **ROBINA** without the Receiver making, filing or

27     obtaining approval of any  further Receiver reports and/or

28     accountings;

3.  authorizing and approving immediate payment of all outstanding administrative expenses of the receivership estate pertaining to **ROBINA** and of all outstanding fees and expenses of the Receiver, its staff and its professionals for the period of October 1, 2006 through and including the effective date of the Receiver's discharge from assets of the receivership estate, including without limitation those fees and expenses for which the Receiver has sought approval for the months of October 2006 and November 2006 that are subject to the Receiver's pending motion for approval set for hearing on February 12, 2007, with any surplus assets after payment of such fees and expenses to be turned over by the Receiver to **ROBINA** upon discharge of the Receiver;

4.  relieving the Receiver of the obligation or responsibility, if any, to pay pre-receivership claims or debts of **ROBINA** that arose prior to the commencement of the receivership, with **ROBINA** being obligated and responsible for the payment of all such pre-receivership claims and debts, subject to all defenses, offsets, reductions or counterclaims **ROBINA** may have thereto; and

5.  discharging the Receiver, its members, officers, agents, employees and representatives, relieving the Receiver, its members, officers, agents, employees and representatives of all duties, liabilities and responsibilities pertaining to the Receiver's duties under the Preliminary Injunction/Receiver Order, provided that the discharge of the Receiver shall not be effective unless and until all fees and expenses of the Receiver, its staff and its professionals have been paid in full from the assets of the **ROBINA** receivership estate and any surplus assets of the **ROBINA** receivership estate have been turned over the Defendants;

C.     Defendants have agreed to pay all outstanding amounts owed to the Receiver for the expenses and costs of the Receivership over Defendant **ROBINA** and owed to the Monitor for the expenses and costs of the Monitor over **NATIONWIDE**, as approved by the Court in this Order.

D.     The Receiver/Monitor may redact financial information pertaining to **ROBINA**, **PROSPER** or **NATIONWIDE** from all current and future reports that may be posted to any web site of the Receiver or Monitor.

## XII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

## BY DEFENDANTS

**IT IS FURTHER ORDERED** that, within five (5) business days of receipt of this Order as entered by the Court, Defendants must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XIII.

## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, all of the remaining provisions shall remain in full force and effect.

//
//
//
//
//
//
//
//
//
//

## XIV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**SO STIPULATED:**


January ___, 2007

Defendant Joanne Garneau individually and on behalf of Defendant Robina Capital d.b.a Prosper Financial Solutions

~~January~~ February 20 , 2007

Jennifer Larabee
John D. Jacobs
Barbara Y.K. Chun
Attorneys for Plaintiff Federal Trade Commission

**APPROVED AS TO FORM:**

January ___, 2007

Thomas H. Bienert, Jr.
Steven L. Krongold
Attorney for Defendants Joanne Garneau, Robina Capital and Third Party Nationwide Support Services

**WITHOUT OBJECTION:**

January ___, 2007

Gary O. Caris, Esq.
Attorney for Robb Evans and Robb Evans & Associates, Court-appointed Receiver for Robina Capital d.b.a Prosper Financial Solutions and Court appointed Monitor over Nationwide Support Services

**SO ORDERED:**

February 23 , 2007

The Honorable David O. Carter
United States District Judge

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**SO STIPULATED:**

January 30, 2007

Defendant Joanne Garneau individually and on behalf of Defendant Robina Capital d.b.a Prosper Financial Solutions

January ___, 2007

Jennifer Larabee
John D. Jacobs
Barbara Y.K. Chun
Attorneys for Plaintiff Federal Trade Commission

**APPROVED AS TO FORM:**

January 30, 2007

Thomas H. Bienert, Jr.
Steven L. Krongold
Attorney for Defendants Joanne Garneau, Robina Capital and Third Party Nationwide Support Services

**WITHOUT OBJECTION:**

January ___, 2007

Gary O. Caris, Esq.
Attorney for Robb Evans and Robb Evans & Associates, Court-appointed Receiver for Robina Capital d.b.a Prosper Financial Solutions and Court appointed Monitor over Nationwide Support Services

**SO ORDERED:**

_____, 2007

The Honorable David O. Carter
United States District Judge



# XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of
this matter for purposes of construction, modification and enforcement of this
Order.

**SO STIPULATED:**

January ____, 2007

Defendant Joanne Garneau individually and on behalf of
Defendant Robina Capital d.b.a Prosper Financial
Solutions

January ____, 2007

Jennifer Larabee
John D. Jacobs
Barbara Y.K. Chun
Attorneys for Plaintiff Federal Trade Commission

**APPROVED AS TO FORM:**

January ____, 2007

Thomas H. Bienert, Jr.
Steven L. Krongold
Attorney for Defendants Joanne Garneau, Robina Capital
and Third Party Nationwide Support Services

**WITHOUT OBJECTION:**

February
~~January~~ 20, 2007

Gary O. Caris, Esq.
Attorney for Robb Evans and Robb Evans & Associates,
Court-appointed Receiver for Robina Capital d.b.a
Prosper Financial Solutions and Court appointed
Monitor over Nationwide Support Services

**SO ORDERED:**

_____, 2007

The Honorable David O. Carter
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, Jennifer Larabee, certify as follows:

I am over the age of 18 and am employed by the Federal Trade Commission.  My business address is 10877 Wilshire Boulevard, Suite 700, Los Angeles, California 90024. On February 20, 2007, I caused the attached document entitled "**SETTLEMENT AGREEMENT AND [Proposed] STIPULATED FINAL ORDER AS TO DEFENDANT JOANNE GARNEAU a/k/a JOANNE TORKELSON AND DEFENDANT ROBINA CAPITAL, INC. D.B.A PROSPER FINANCIAL SOLUTIONS INC.**" be served by email to:

Gary O. Caris, Esq.
Lesile Hawes, Esq.
McKenna Long & Aldridge, LLP
444 South Flower Street, 8th Floor
Los Angeles, CA 90071

Counsel for Permanent Receiver and Monitor
E-mail: gcaris@mckennalong.com
Lhawes@mckennalong.com
Fax: 213-243-6330

Robb Evans & Associates LLP
P.O. Box 880
Sun Valley, CA 91353-0880

Permanent Receiver and Monitor
E-mail: brick.kane@robbevans.com
E-mail: kenton.johnson@robbevans.com

Michael Mallow
Loeb&Loeb
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067-4120

Attorney for Defendants Freedom First Financial & USA Debt
E-Mail: mmallow@loeb.com, cmoore@loeb.com
Fax:     310.919.3883

H. Dean Steward
107 Avenida Miramar, Suite C
San Clemente, CA 92672

Attorney for Defendant Dennis Connelly, Homeland Financial, & National Support Services  LLC
email:   deansteward@fea.net
fax:     949-496-6753

David W. Wiechert
107 Avenida Miramar, Suite A
San Clemente, CA 92672

Attorney for Defendant Richard Wade Torkelson
email:   dwiechert@aol.com, jacobs.andrea@gmail.com
Fax:     949-496-6753

Thomas H. Bienert Jr.
Steven L. Krongold
Bienert &Krongold
115 Avenida Miramar
San Clemente, CA 92672

Attorney for Defendant Joanne Garneau & Monitored Entity Nationwide
Email: tom@bnklaw.com, steve@bnklaw.com
Fax: 949-496-6753

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 20, 2007

JENNIFER LARABEE